UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| VANDY V. BUTTS, | ) | CASE NO   1:13 CV 2375 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| DEUTSCHE BANK NATIONAL | ) | |
|      TRUST CO. | ) | |
| | ) | |
| Defendant. | ) | |

On October 25, 2013, *pro se* Plaintiff Vandy V. Butts filed the above-captioned *in forma pauperis* civil action against Deutsche Bank National Trust Co.  Mr. Butts alleges Deutsche Bank violated 18 U.S.C. §§ 1002 &1018, "Possession of False papers to defraud the United States."

On the same date the case was filed, Mr. Butts filed an Emergency Motion for Restraining Order  (Doc. No. 3).  He sought an Order vacating a Judgment of Foreclosure issued by the Court of Common Pleas, Cuyahoga County and to enjoin a scheduled Sheriff's sale on Monday, October 28, 2013.  The Motion was denied on October 25, 2013 (Doc. No. 4) and the Complaint is now before the Court for review.[1]

---

[1]The Emergency Motion for Restraining Order is identified as "Doc. No. 2" in the Memorandum of Opinion denying the Motion.  Now that Mr. Butts's pleadings have been formally docketed, however, the Clerk has entered the Motion as "Doc. No. 3."

*Background*

On an undisclosed date, Mr. Butts states he purchased a house located at 7227 Capilano Drive, Solon, Ohio 44139 ("the Property). It was his "intent to hold a mortgage with Countrywide Bank." (Doc. No. 1 at 2.)  He later allegedly entered into a loan modification agreement with Countrywide, sending $10,000.00 to the company as part of their agreement.

In 2007, Deutsche Bank filed a complaint for money judgment, foreclosure and relief against Mr. Butts, his wife, and Mortgage Electronic Registration System, Inc. in the Cuyahoga County Court of Common Pleas.[2]  *See Deutsche Bank v. Butts*, et al., No. CV-07-635456 (Cuyahoga Ct. Com. Pl. filed Sept. 12, 2007)(McGinty, J.)  The action was filed, in part, to foreclose a mortgage loan against the Property Mr. Butts used to secure a promissory note owned by Deutsche Bank.

Deutsche Bank later filed a motion for summary judgment, which the court denied.  Instead, after construing the evidence in Mr. Butts's favor, the court determined he entered into a loan modification with Deutsche Bank wherein the plaintiff accepted payments after it filed the foreclosure action.

On March 25, 2007, Deutsche Bank moved to dismiss the case without prejudice.  Judge McGinty granted the request and dismissed the action on March 30, 2007, without prejudice, at Deutsche Banks's costs.

Two years after the first foreclosure action was dismissed, Deutsche Bank filed a second foreclosure complaint against Mr. Butts and the same defendants, but added Countrywide Bank, N.A.  *See Deutsche Bank v. Butts, et al.*, No. CV-09-697287 (Cuyahoga Ct. Com. Pl. filed June 30,

---

[2]The Court garnered all of the state court procedural history from the Cuyahoga County Clerk of Court's website.  *See* http://cpdocket.cp.cuyahogacounty.us/tos.aspx.

2009)(McGinty, J.) Mr. Butts filed an unopposed Motion to Dismiss, which Judge McGinty granted and dismissed the case without prejudice on August 26, 2009. The dismissal was based on the court finding uncontroverted evidence that Deutsche Bank accepted a loan modification. One week later, Deutsche Bank moved for reconsideration of the court's order of dismissal.

A case management conference was held with the parties wherein Judge McGinty granted Deutsche Bank's Motion for Reconsideration stating: "Since it appears that the mortgage being foreclosed by plaintiff is not the subject of a loan modification, the Court's Order of 8-26-09 dismissing the case is vacated." *Id*. (JE of 9/16/2009) Judge McGinty referred the matter to the Foreclosure Magistrate, who determined the case was suitable for the Foreclosure Mediation Program for further evaluation.

On March 15, 2010, the case was returned to the Foreclosure Magistrate after Mr. Butts failed to timely complete and submit the Property Owner's Questionnaire. Deutsche Bank filed a Motion for Summary Judgment, which the court held in abeyance pending all attempts by the parties to reach a settlement.

After the parties failed to reach an agreement, the motion for summary judgment was fully briefed and granted on August 17, 2010. Judge McGinty ordered Deutsche Bank to submit a variable rate affidavit and title work or an endorsement to its final judicial report. In lieu of filing the documents ordered by the court, Deutsche Bank moved to stay the foreclosure and place the case on inactive docket. Magistrate Stephen Butha denied the motion to stay, stating:

> SINCE THERE ARE NO PROVISIONS IN THE CIVIL RULES OR RULES OF SUPERINTENDENCE FOR STAYING A CASE WHILE A PARTY INVESTIGATES ITS OWN EVIDENCE, PLAINTIFF'S MOTION TO STAY FORECLOSURE AND PLACE CASE ON INACTIVE DOCKET IS DENIED. PLAINTIFF HAS CALLED INTO QUESTION THE VALIDITY OF THE EVIDENCE

> IT HAS SUBMITTED HAS INDICATED THAT IT IS NOT PREPARED TO PROSECUTE THIS CASE AT THIS TIME. PLAINTIFF MUST SHOW CAUSE ON OR BEFORE 11-19-10 WHY THIS CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE AT PLAINTIFF'S COSTS. FAILURE TO DO SO WILL RESULT IN DISMISSAL OF THE CASE WITHOUT PREJUDICE. THE ADOPTION OF THE MAGISTRATE'S DECISION AND A RULING ON THE OBJECTIONS OF DEFENDANT VANDY BUTTS (STYLED "MOTION TO DISMISS MAGISTRATE'S DECISION") ARE HELD IN ABEYANCE UNTIL 11-19-10.

*Id.* (MG of Oct 22, 2010). When Deutsche Bank failed to comply with the Magistrate's Order, Judge McGinty dismissed the case without prejudice on November 29, 2010.

Deutsche filed its third foreclosure action against Mr. Butts in 2012. *See Deutsche Bank v. Butts, et al.*, No. CV-12-786827 (Cuyahoga Ct. Com. Pl. filed July 11, 2012)(Gall, J.) It filed a Motion for Summary Judgment, which Judge Gall granted on June 10, 2013, allowing the foreclosure to proceed. Mr. Butts moved to stay the foreclosure "pending a review of case facts, law and rulings," which the court construed as an objection to the magistrate's decision making specific findings on the rights and liabilities of the parties. Judge Gall overruled Mr. Butts's objections and later adopted the magistrate's decision.

On September 23, 2013, Judge Gall issued a Notice of Sale and Approval of Appraiser's Fees, scheduling the Property sale on October 28, 2013. Three days later, Mr. Butts filed a *pro se* motion asking the court to return the order of sale without execution and vacate its judgment with prejudice. Deutsche Bank opposed the motion and requested the court strike Mr. Butts's Exhibit A as unauthenticated. On October 21, 2013, Judge Gall granted the motion to strike Exhibit A and determined Mr. Butts failed to provide proper evidence in support of his motion and, thus, was not entitled to relief. Four days later, the complaint before this Court was filed.

*Discussion*

Mr. Butts alleges Deutsche Bank knowingly submitted an altered copy of its exhibit, "Interest Only Adjustable Rate Note," to the Court of Common Pleas. He claims the copy Deutsche Bank submitted in 2013 contains an "endorsement" that was not written on the exact same document it submitted to the court in 2007 and 2009. As such, he asserts the defendant is in violation of 18 U.S.C. §1002. He claims further that, because the document is "officially certified," as evidence to support the foreclosure of the Property, Deutsche Bank has also violated 18 U.S.C. § 1018. He seeks relief from the Judgment of Foreclosure, barring defendant from any further or future claims against him or his heirs, and, finally, an Order barring the Cuyahoga County Sheriff from auctioning or selling the Property.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court shall dismiss an action under section 1915(e) if it fails to state a claim.[3] An action is subject to dismissal if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

*Res Judicata*

---

[3] 28 U.S.C. § 1915(e) states, in pertinent part: "the court ... shall dismiss the case ... if the court determines that ... the action is frivolous or malicious ...".

A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly section 1915(d)] and is dismissing the complaint as frivolous. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

-5-

*Res judicata*, or claim preclusion, prevents a party from relitigating a claim that has already been decided and "ensures the finality of decisions." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (superseded on other grounds by the Bankruptcy Code). Pursuant to the doctrine, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). This bar applies equally to "every theory of recovery that could have been presented." *LaSalle Bank Nat'l Ass'n v. Wonderland Shopping Ctr. Venture Ltd. P'ship*, 223 F.Supp.2d 806, 813 (E.D.Mich.2002) (citing *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir.1996)).

To determine if Mr. Butt's claims are barred by the *res judicata* effect of his prior State action turns on whether his federal false statement claims stem from the same operative facts and require the same evidence as the State court action. As such, a federal court "must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816-17 (6th Cir.2010)(citing *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir.2007)); *see* 28 U.S.C. § 1738. Accordingly, Ohio's *res judicata* law must be applied to determine the preclusive effect of the judgment in the State court action.

Under Ohio law, *res judicata* involves "the two related concepts of claim preclusion, also known as *res judicata* or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 862 N.E.2d 803, 806 (2007) (citing Grava v. Parkman Twp., 73 Ohio St.3d 379, 653 N.E.2d 226, 229 (1995)). The only relevant concept here, however, is claim preclusion. "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *O'Nesti*, 862 N.E.2d at 806 (citation omitted). It also bars subsequent actions

whose claims "could have been litigated in the previous suit [.]" *Id*.

The four elements of claim preclusion require: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 494 (6th Cir.1997)(applying Ohio law) (citation omitted); *see Portage Cnty. Bd. of Comm'rs v. City of Akron*, 109 Ohio St.3d 106, 846 N.E.2d 478, 495 (2006) (citation omitted).

Without question, the Cuyahoga County Court of Common Pleas had jurisdiction over the foreclosure action Deutsche Bank filed against Mr. Banks. Four days before he filed this Complaint, Judge Gall issued a "Judgment and Decree in Foreclosure." Thus, a final decision on the merits with respect to the underlying foreclosure action was entered and satisfies the first element of claim preclusion.

Because the same parties involved in the State action are named in Mr. Butts's Complaint before this Court, the second element of *res judicata* has also been met. The prior final judgment involved the same mortgage and promissory Note on the Property Mr. Butts now attempts to challenge.

Any claims he now raises could have been and may have been brought in State court.[4] *Res judicata* bars not only claims that were actually brought in a previous action, but any claims that could have been brought in the first action. *See Grava v. Parkman Township*, 73 Ohio St. 3d 379, 382, 653 N.E.2d 226 (1995). Thus, the third element of *res judicata* is in place.

---

[4]The details of the Motion to Vacate he filed in state court are not clear.

The final element of the *res judicata* doctrine is also satisfied. The fourth element involves an inquiry into whether there is an identity of claims in the two actions. This element is satisfied if "the claims arose out of the same transaction or series of transactions, or if the claims arose out of the same core of operative facts." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 580 (6th Cir.2008) (citations omitted). Mr. Butts essentially argues, the now moot point, that the foreclosure sale of the Property should not go forward because Deutsche Bank secured the judgment through fraudulent activities. This involves the same mortgage on the same property at the center of the state foreclosure action. Plaintiff had every opportunity to assert any and all claims against Deutsche Bank in that adversary proceeding. Accordingly, the Court finds that the current action is barred by the application of *res judicata*. Even if the Complaint were not barred by *res judicata*, this Court does not have federal question jurisdiction.

*18 U.S.C. §1002 &1018*
*False Claims Statute*

It is the plaintiff, as the party invoking federal subject matter jurisdiction, who is burdened to persuade the court that all of the requirements necessary to establish standing to bring the lawsuit have been met. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Mr. Butts has not met his burden.

Section 1001 is "nothing more than a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone."[5] *Cort v. Ash*, 422 U.S. 66, 79–80(1975); *see also Abou–Hussein v. Gates*, 657 F.Supp.2d 77, 81 (D.D.C.2009) ("[P]laintiff's claims of fraud or false statements under 18 U.S.C. § 1001 ... are ... barred because th[is] criminal statute[ ] do[es] not expressly create a private right of action upon which plaintiff may sue defendants."), *aff'd,* 2010 WL

---

[5]Section 1001 provides the definition of terms set forth in 18 U.S.C. § 1002.

2574084 (D.C.Cir., June 11, 2010). As a private citizen, Mr. Butts has no authority to initiate a federal criminal prosecution. *See United States v. Nixon*, 418 U.S. 683, 693 (1974); *see also Fulson v. City of Columbus*, 801 F.Supp. 1, 6 (S.D. Ohio 1992) (summary judgment for defendants granted, "It is well established that a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") The power to initiate a criminal prosecution is vested exclusively in the executive branch. *Nixon*, 418 U.S. at 693. Moreover, the purpose of the false claims statute is to protect governmental functions from frustration and distortion, through deceptive practices. *Ogden v. United States*, 303 F.2d 724 (9th Cir. 1962); *Gilbert v. United States*, 359 F.2d 285 (9th Cir. 1966). Thus, Mr. Butts has failed to state a cognizable claim for relief over which this Court has jurisdiction.

## *Conclusion*

Based on the foregoing, the Motion to Proceed *In Forma Pauperis* is granted (Doc. No. 2) and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

    */s/Dan Aaron Polster 11/4/13*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE